UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY MIEDEMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2508 |
| | § | |
| FACILITY CONCESSION SERVICES | § | |
| INC., d/b/a SPECTRUM CATERING & | § | |
| CONCESSIONS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Amend Summary Judgment (Doc. No. 25). Upon considering the motion, all responses thereto, and the applicable law, the Court finds that Plaintiff's motion must be denied.

## I.    BACKGROUND

This case arises out of Plaintiff Kimberly Miedema's ("Plaintiff" or "Miedema") termination by her employer Facility Concession Services Inc. d/b/a Spectrum ("Defendant" or "Spectrum"). A full set of facts may be found in the Court's prior Memorandum and Order dated April 11, 2011. (Doc. No. 24.) The undisputed facts pertinent to this motion are as follows.

On September 28, 2007, Miedema and a fellow coworker, Eduardo Ventura ("Ventura"), engaged in sexual intercourse. Miedema alleged that Ventura's sexual advances were unwanted and that the incident constituted sexual assault. After learning of the incident, Spectrum told both Miedema and Ventura not to return to work.

On October 15, 2007, Spectrum wrote to Miedema and indicated that Miedema had failed to submit a statement regarding the incident as Spectrum had previously requested. Spectrum

also referenced a medical condition that Miedema was using as the reason why she had not returned to work. Spectrum informed Miedema that, in order to request leave under the Family and Medical Leave Act ("FMLA"), she was required to submit the following documents by October 22nd: (1) an FMLA certification; (2) a doctor's written authorization to return to work; and (3) her account of the September 28th incident.

Miedema's physician, Jeffrey Sweeney, issued a letter dated October 22nd stating that Miedema was under his care for Post Traumatic Stress Disorder ("PTSD") and was unable to return to work due to this condition. (Doc. No. 20 Ex. D.) On October 25th, Spectrum wrote to Miedema to acknowledge that it had received Dr. Sweeney's letter on October 23rd. Spectrum stated that it "considers this letter as sufficient information to conclude that Ms. Miedema is undergoing treatment for a medical condition and, therefore, has determined to count her leave as Family Medical Leave Act ('FMLA') leave." (Doc. No. 19 Ex. 4.) Spectrum also requested that Miedema ask her healthcare provider to complete a "Certification of Healthcare Provider promulgated by the U.S. Department of Labor" and return it within 15 days. (*Id.*)

When Spectrum did not receive the certification, it wrote to Miedema again on November 15, 2007. (Doc. No. 19 Ex. 5.) Spectrum stated that the "completed certification, and the information contained therein, was required in order to qualify Ms. Miedema's leave under the Family Medical Leave Act. As a result of her failure to provide that certification, and the fact that all of her paid time off has been used, her absence from work is unexplained and unexcused." (*Id.*) Spectrum terminated Miedema's employment. (*Id.*)

Miedema subsequently filed suit against Spectrum asserting claims of (1) negligence; (2) violation of the FMLA; (3) hostile work environment in violation of Title VII; and (4) retaliation in violation of Title VII. In our prior Memorandum and Order, we granted summary judgment to

Spectrum on all of Miedema's claims. (Doc. No. 24.) Miedema subsequently filed a motion to amend the summary judgment order. The motion is briefed and is ripe for disposition.

## II.   LEGAL STANDARD

A motion for reconsideration may be made under Federal Rule of Civil Procedure 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).  Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.*  In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III.   ANALYSIS

Miedema has moved to amend the Court's award of summary judgment regarding her FMLA claim and her retaliation claims. Because we find no manifest error of law or fact in our prior Memorandum and Order, we deny Miedema's motion to amend summary judgment.

### A.  Entitlement under the FMLA

The FMLA contains two distinct provisions. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999) (quoting *Bocalbos v. National W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998)). The "first type of provision creates a series of entitlements or substantive rights." *Nero*, 167 F.3d at 927. The employer may not "interfere with, restrain, or deny the exercise of, or the attempt to exercise," any right under FMLA. 29 U.S.C. § 2615(a)(1). "The

second type of provision is proscriptive, and protects employees from retaliation or discrimination for exercising their rights under the FMLA." *Nero*, 167 F.3d at 927.

In our prior Memorandum and Order, we found that Spectrum was entitled to require that Miedema's request for FMLA leave be supported by a certification issued by her health care provider, *see* 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(a), and that the certification contain certain information. *See* 29 U.S.C. §§ 2613(b)(1)-(4); 29 C.F.R. § 825.30(a). If the employee fails to provide a certification, the employer may deny the taking of FMLA leave. 29 C.F.R. § 825.305(d), 825.313(b). An employer may require that the eligible employee obtain subsequent recertifications on a reasonable basis. 29 U.S.C. § 2613(e).

In Miedema's case, we found that it was unclear whether Spectrum considered the letter issued by Miedema's physician, Jeffrey Sweeney, on October 22, 2007 to constitute a medical certification under 29 U.S.C. § 2613(a). We held that, even if Spectrum did consider Sweeney's October 22nd letter to be a medical certification under the FMLA, Spectrum was authorized under § 2613(e) to ask for a recertification of Miedema's medical condition in the form of the Department of Labor form it asked Miedema to complete and return. When Miedema failed to provide the Department of Labor form, her absence from work did not qualify as FMLA leave and she was not entitled to the protections of the FMLA.

Miedema now urges us to reconsider our holding and points us to 29 C.F.R. § 825.308(a). This regulation states that an employer may not request recertification in less than thirty days unless one of three exceptions apply: (1) the employee requests an extension, (2) the circumstances described by the previous certification have changed significantly, or (3) the employer receives information that casts doubt upon the employee's stated reason for the absence. Miedema contends that none of these exceptions was supported by summary judgment

4

evidence and, therefore, Spectrum could not have requested a recertification so soon after accepting Sweeney's letter as an initial medical certification. Spectrum responds by stating that it had received information that cast doubt upon Miedema's reason for her absence in the form of a statement by Ventura indicating that the incident between them was consensual and police report indicating the same. (Doc. No. 19 Ex. 6; Doc. No. 13 Ex. I.)

We agree with Spectrum that its receipt of Ventura's statement constituted information that cast doubt upon Miedema's proffered reason for the FMLA leave and thus Spectrum could request a recertification of Miedema's health condition within 30 days of receiving Sweeney's letter on October 22nd. However, we cannot find any indication of when Spectrum received the police report regarding the alleged sexual assault, and so we cannot conclude that Spectrum possessed the police report on October 23, 2007, the date on which Spectrum requested Miedema to complete and return the Department of Labor form.

Alternatively, we return to our prior Memorandum and Order to clarify that, if Spectrum did not consider Sweeney's October 22nd letter to be a medical certification, it was authorized to request a medical certification from Miedema by asking her to complete and return the Department of Labor form. There is evidence in the summary judgment record that Sweeney's October 22nd letter did not constitute a complete medical certification because it failed to include the date on which Miedema's medical condition began and the probable duration of Miedema's medical condition. As we noted, an employee has an obligation to respond to an employer's questions designed to determine whether an absence is potentially FMLA-qualifying. 29 C.F.R. § 825.303(b).

In sum, we find that Spectrum was authorized under the FMLA to request the Department of Labor form from Miedema and to terminate her when she failed to provide it to

them. Miedema has not met her burden of demonstrating a manifest error of law or fact in this finding.

### B.  Retaliation Under FMLA and Title VII

In our prior Memorandum and Order, we held that Miedema's claims of retaliation failed because she could not demonstrate that Spectrum's proffered legitimate non-retaliatory reason for terminating her was pretext. The legitimate non-retaliatory reason for Miedema's termination was her failure to provide the Department of Labor form to Spectrum and consequent absence from work without authorization.

Miedema urges us to reconsider this holding because Spectrum's request for a recertification of her medical condition within 30 days of the original certification was improper. Therefore, according to Miedema, Spectrum's reason for terminating her was merely pretext. However, as we detail above, Spectrum was authorized under the FMLA and its accompanying regulations to request the completion of the Department of Labor form regardless of whether it considered Sweeney's October 22nd letter to be a medical certification or not.

Moreover, even if Spectrum improperly requested the Department of Labor form from Miedema, this error does not transform Spectrum's proffered non-retaliatory reason for terminating Miedema into pretext. As Spectrum notes, an employer who holds a mistaken belief that its basis for adverse employment action is legitimate and non-discriminatory is not liable for retaliation. *See Corley v. Jackson Police Dep't*, 639 F.2d 1296, 1298 (5th Cir. 1981) ("[A] mistaken but good-faith belief that an employee has violated the employer's rules is sufficient to rebut the McDonnell Douglas inference that the employee was discharged for impermissible reasons."). Miedema has not shown any evidence that Spectrum's proffered reason for her termination was merely pretext and that its true motive for terminating her was retaliation for

either her FMLA request or her complaint of sexual assault. Therefore, we deny Miedema's

motion to amend the summary judgment order.

**IV.      CONCLUSION**

Plaintiff's Motion to Amend Summary Judgment (Doc. No. 25) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this the 7th day of July, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE